## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**EMERSON REDEVELOPERS URBAN RENEWAL, LLC,**

Plaintiff,

v.

**THE BOROUGH OF EMERSON, NEW JERSEY, AND DANIELLE DIPAOLA,**

Defendants.

Civil Action No.: 2:20-cv-04728

---

**REPLY BRIEF ON BEHALF OF DEFENDANT, DANIELLE DIPAOLA, IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

---

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, Danielle DiPaola

Richard Malagiere (RM-3991)
        Of Counsel

Leonard E. Seaman (LES-4799)
Richard Malagiere (RM-3991)
        On the Brief

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ...................................................................... 1

LEGAL ARGUMENT ..................................................................................... 2

    I. THE COMPLAINT FAILS TO ALLEGE INJURY TO A PROTECTED
    PROPERTY INTEREST AND AS SUCH THE FIRST COUNT OF THE
    COMPLAINT ALLEGING VIOLATIONS OF SUBSTANTIVE DUE
    PROCESS SHOULD BE DISMISSED ........................................................ 2

    II. THE COMPLAINT FAILS TO ALLEGE CONSCIENCE SHOCKING
    CONDUCT NECESSARY TO SUPPORT A SUBSTANTIVE DUE PROCESS
    CLAIM AND AS SUCH THE FIRST COUNT  OF THE COMPLAINT
    ALLEGING VIOLATIONS OF SUBSTANTIVE DUE PROCESS
    SHOULD BE DISMISSED ........................................................................ 4

    III. THE COMPLAINT FAILS TO SUFFICIENTLY PLEAD EITHER
    INTENTIONAL ACTS OR DISPARATE TREATMENT AND AS
    SUCH THE SECOND COUNT  OF THE COMPLAINT ALLEGING
    EQUAL PROTECTION VIOLATIONS  SHOULD BE DISMISSED ............................ 7

    IV. CLAIMS AGAINST MAYOR DIPAOLA FOR BREACH OF THE
    REDEVELOPMENT AGREEMENT CONTAINED IN THIRD COUNT
    (BREACH OF CONTRACT), FOURTH COUNT (BREACH OF COOPERATION
    COVENANT) AND FIFTH COUNT (BREACH OF COVENANT OF GOOD
    FAITH AND FAIR DEALING) SHOULD BE DISMISSED BECAUSE
    MAYOR DIPAOLA IS NOT ALLEGED TO BE A PARTY TO THE
    REDEVELOPMENT AGREEMENT ............................................................... 8

CONCLUSION ............................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2007) ................................................................................................ 7

*Assocs. in Obstetrics & Gynecology v. Upper Merion Twp.*,
    270 F. Supp. 2d 633 (E.D. Pa. 2003) ...................................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 7

*Chainey v. Street*,
    523 F.3d 200, 219 (3d Cir. 2008) ....................................................................... 4, 5

*DeBlasio v. Zoning Bd. of Adjustment*,
    53 F.3d 592 (3d Cir. 1995) ................................................................................. 2, 3

*Eichenlaub v. Twp. Of Indiana*,
    385 F.3d. 274 (3d Cir. 2004) .............................................................................. 4, 5

*Harris v. Perl*,
    41 N.J. 455 (1964) .................................................................................................. 9

*Hayward v. Borough of Sharon Hill*,
    2013 U.S. Dist. LEXIS 153355 (E.D.Pa. Oct. 25, 2013) ....................................... 6

*MARJAC, LLC v. Trenk*,
    380 Fed. Appx. 142 (3d. Cir. 2010) ....................................................................... 6

*Neiderhiser v. Berwick*,
    840 F.2d 213 (3d Cir. 1988) ................................................................................... 6

*Norwood Easthill Assocs. v. Norwood Easthill Watch*,
    222 N.J. Super. 378 (App. Div. 1988) .................................................................... 8

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ................................................................................... 7

*UA Theatre Circuit v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003) ..................... 4

**Statutes**

N.J.S.A. 10:6-1 to -2 ...................................................................................................... 1

**Rules**

*Fed. R. Civ. P.* 12(b)(6)..............................................................................................8

*Fed. R. Civ. P.* 8(a)(2)...............................................................................................8

## PRELIMINARY STATEMENT

The arguments of Plaintiff, Emerson Redevelopers Urban Renewal, LLC ("ERUR") in opposition to the motion to dismiss by Defendant, Danielle DiPaola ("Mayor DiPaola") are insufficient to overcome the motion and prevent this Court from dismissing the Complaint. Plaintiff's Complaint fails to state claims for which relief can be granted.

The First Count of the Complaint fails to properly allege a violation of Plaintiff's Constitutionally protected substantive due process rights for two reasons. First, the alleged project delays and purported increased project costs are not the sort of limitation on Plaintiff's use of land envisioned by the Third Circuit as deserving Constitutional protection. Second, Plaintiff has failed to allege the sort of conscience shocking behavior on the part of Mayor DiPaola needed to support such a claim.

The Second Count of the Complaint fails to state a claim for violation of the Equal Protection Clause because Plaintiff has not sufficiently alleged Mayor DiPaola's intentional conduct to deny it equal protection. Moreover Plaintiff's promise to use discovery to find other redevelopers who were treated differently falls short of its pleading obligations under established Supreme Court precedent and are inconsistent with the central theory of Plaintiff's case—that Defendants have  eschewed redevelopment of the Borough of Emerson (the "Borough) for decades.

Finally, the remaining state caused of action should also be dismissed. Plaintiff does not oppose Mayor DiPaola's arguments that its claims under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, mirror its federal claims. Likewise, Plaintiff's arguments on its contract based claims conceed that Mayor DiPaola is not a party who can breach the contract between Plaintff and the Borough. Instead, Plaintiff offers arguments that might support for a claim

intentional interference with the contract, but that claim has not been made. The theory of liability asserted in the Complaint—breach of contract—is not supported by the facts alleged. Those claims should be dismissed.

For these reasons, Mayor DiPaola's motion to dismiss should be granted in its entirety.

## LEGAL ARGUMENT

## I. THE COMPLAINT FAILS TO ALLEGE INJURY TO A PROTECTED PROPERTY INTEREST AND AS SUCH THE FIRST COUNT OF THE COMPLAINT ALLEGING VIOLATIONS OF SUBSTANTIVE DUE PROCESS SHOULD BE DISMISSED

Plaintiff's Complaint trots out a laundry list of grievances against Defendants alleging that they: (*i*) refused to issue permits for demolition, fencing, utility disconnection, or sewer/water cutting and capping; (*ii*) delayed other demolition permits, (*iii*) demanded allegedly inappropriate information from Plaintiff's asbestos contractor, (*iv*) required sign-offs by police and fire officials; (*v*) delayed issuing a resolution of compliance; (*vi*) refused to consent to a Treatment Works Approval; (*vii*) failed to contest a prerogative writ action; (*viii*) failed to respond to a cease and desist letter; and, (*iv*) failed to initiate required condemnation proceedings. Plaintiff's Brief (ECF No. 16) at 8-10; Complaint ¶ 52. None of these purported transgressions amount to a denial of a property right. At most, Plaintiff alleges that the progress of its project was delayed by these events and that these delays increased the project costs. *Id.* This is far different from the situation encountered by the landowner in the case relied on by Plaintiff to support its contention that it has suffered an injury to a constitutionally protected property interest, *DeBlasio v. Zoning Bd. of Adjustment,* 53 F.3d 592 (3d Cir. 1995).

In *DeBlasio*, the Third Circuit held that "a property owner states a substantive due process claim where he or she alleges that the *decision limiting the intended land use* was arbitrarily or irrationally reached." *Id.* at 593 (emphasis added). The "decision limiting the use of

2

land" in that case was a zoning board action that required the landowner to cease the business operations that had been conducted at a property for more than ten years. *DeBlasio,* 53 F.3d at 594-96.

The plaintiff in *DeBlasio* was the owner of property in West Amwell Township, New Jersey whose previous owner has used as an auto body repair business. During that period of ownership, the township zoned the property as R-3—minimum three-acre, residential use— making the auto body business a pre-existing, non-conforming use. *Id.* at 594.  DeBlasio bought the property in 1974 and leased it in 1979 to Interstate Battery Systems, a small, battery distribution company, that used the property in its business. *Id.* In 1990, the township's zone code official issued a citation indicating that the current use of the property was an improper expansion of the pre-existing nonconforming use and in violation of the zoning ordinance. *Id.* at 595. The property owner and the tenant appealed and, in the alternative, sought a variance. *Id.* at 595-96. The zoning board affirmed the violation and denied the variance, giving the tenant six months to vacate the property. *Id.* at 596. The plaintiff asserted a variety of theories to support claims that his federal civil rights had been violated. The district court granted defendants summary judgment. The Third Circuit reversed that decision only with respect to substantive due process and state tort claims. *Id.* at 594.

In its decision, the Third Circuit conceded that it "ha[d] yet to clearly define the category of property interests protected by the concept of substantive due process." *Id.* at 599. The court then held that "in situations where the governmental decision in question impinges upon a landowner's use and enjoyment of property, a land-owning plaintiff states a substantive due process claim where he or she alleges that the decision limiting the intended land use was arbitrarily or irrationally reached." *Id.* at 601.

3

The imposition on the owner's use of property in *DeBlasio* was far greater than that alleged by Plaintiff here. The property owner in *DeBlasio* lost the use of his property from the way it had been used it for more than a decade, and he lost use forever. Absent the pre-existing, non-conforming use, the plaintiff's commercial property became a residential one.

Here Plaintiff has not alleged a permanent deprivation of a type of use of its property. The Complaint alleges nothing more than delays in its project and increased costs. That is not a property interest that merits constitutional protection. Plaintiff has failed to allege the sort of "decision limiting the use of land" that the *DeBlasio* court was addressing when it considered a property interest entitled to protection under the Substantive Due Process Clause. The First Count of the Complaint should be dismissed.

## II. THE COMPLAINT FAILS TO ALLEGE CONSCIENCE SHOCKING CONDUCT NECESSARY TO SUPPORT A SUBSTANTIVE DUE PROCESS CLAIM AND AS SUCH THE FIRST COUNT  OF THE COMPLAINT ALLEGING VIOLATIONS OF SUBSTANTIVE DUE PROCESS SHOULD BE DISMISSED

The "shocks the conscience" standard is "designed to avoid converting federal courts into super zoning tribunals" in land use cases. *Eichenlaub v. Twp. Of Indiana,* 385 F.3d. 274, 285 (3d Cir. 2004). Prior to *UA Theatre Circuit v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003), a plaintiff had only to plead that officials acted with an "improper motive." That standard is now insufficient to constitute a substantive due process violation. Now, a plaintiff must satisfy the "shocks the conscience" standard which "encompasses only the most egregious official conduct." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

In *Eichenlaub*, none of the following conduct was sufficient to meet the "shocks the conscience" standard: (1) application of "subdivision requirements to plaintiffs' property that were not applied to other parcels;" (2) officials pursuing "unannounced and unnecessary

inspection and enforcement actions;" (3) officials delay of "permits and approvals;" (4) officials improperly increasing tax assessments; and (4) actions that "maligned and muzzled" the plaintiffs. *Eichenlaub*, 385 F.3d. 274. Indeed, in determining that the allegations did not meet the "shocks the conscience standard," the *Eichenlaub* court "noted there were no allegations of corruption, self-dealing, bias against an ethnic group, or additional facts that suggested conscience-shocking behavior." *Chainey*, 523 F.3d at 220, *citing Eichenlaub*, 385 F.3d. at 286.

Here too, the conduct alleged on the part of Mayor DiPaola falls well short of conscience shocking. Many of Plaintiff's claims here mirror those considered, and rejected, by the *Eichenlaub* court.

Yet, in an effort to bootstrap its claim into a constitutionally protected interest, Plaintiff implies ethnic bias (Complaint ¶ 44) without any plausible factual basis. The Complaint's solitary reference to minority rights alleges only that Mayor DiPaola "was elected following a campaign in which her stated purpose was to obstruct and interfere with Plaintiff's development rights and the construction of affordable housing intended to primarily benefit the poor and minorities" (Complaint ¶ 44).Plaintiff argues that presence of a limited amount of low to moderate in housing—making up less than one-fifth of the residential units in the project[1]—entitles the redeveloper to enhanced protection meant to protect minorities from discrimination (Plaintiff's Brief at 18-19).

To make this absurd proposition, Plaintiff relies on a faulty syllogism. Plaintiff makes the implausible argument that: (a) Mayor DiPaola opposes redevelopment; (b) their redevelopment includes low to moderate income housing; (c) minorities benefit from low to moderate income housing; therefore, Mayor DiPaola hates minorities (Plaintiff's Brief at 7-8) (Complaint ¶¶ 44,

---

[1] The Complaint alleges that only 29 of the 147 residential units in the project (less than 20%) will be devoted to low to moderate income housing. (Complaint ¶ 1).

46-49)    Only propositions (a) and (b), above are supported by allegations in the Complaint. Plaintiff has not alleged that the small affordable housing component in its project will benefit any particular ethnic or racial group—rather all Plaintiff can credibly contend it that housing earmarked for low to moderate income families will go to families with low or moderate income.

Moreover, nothing in Mayor DiPaola's statements related in the Complaint support the leaps Plaintiff askes this Court to take to sustain its Complaint. Plaintiff argues that Mayor DiPaola statements opposing overdevelopment of Emerson's downtown, expressing concerns about the direction the town is taking, wanting friendlier development, and expressing concern over the loss of local business "clearly conveyed her animus to low income, diverse, inclusionary housing." (Plaintiff's Brief at 22.) Surely, they do not. The allegations in the Complaint describe Mayor DePaola's opposition to redevelopment and its impact on existing local businesses. They cannot be plausibly read to show bias against any ethnic or racial group.

The Complaint lacks any plausible basis to support Plaintiff's contention that Mayor DiPaola undertook efforts to delay Plaintiff's project because she does not want minorities to move into Emerson. In the absence of same, Plaintiff's plea for any heightened scrutiny based on race-based discrimination must fail.

The allegations in the Complaint fall far short of those in the cases cited by plaintiff where land use decisions impacted a constitutionally protected activity like access to abortion (*Assocs. in Obstetrics & Gynecology v. Upper Merion Twp.*, 270 F. Supp. 2d 633, 655 (E.D. Pa. 2003)) or free speech (*Neiderhiser v. Berwick*, 840 F.2d 213 (3d Cir. 1988)) or where plaintiffs were members of a particular racial or ethnic class (*Hayward v. Borough of Sharon Hill*, 2013 U.S. Dist. LEXIS 153355 (E.D.Pa. Oct. 25, 2013) (African American) ; *MARJAC, LLC v. Trenk*, 380 Fed. Appx. 142 (3d. Cir. 2010)(Italian decent)).

Here, all that Plaintiff alleges is that: (a) Mayor DiPaolo has campaigned on a platform opposing redevelopment; (b) part of its redevelopment project will benefit low to moderate income households; and, (c) the progress of its project has been delayed in a number of ways. (Complaint ¶¶ 44-57) None of this amounts to the sort of conscience shocking conduct that entitles Plaintiff to assert that its substantive due process rights have been violated. Plaintiff's substantive due process claims in the First Count of the Complaint should be dismissed.

### III.  THE  COMPLAINT  FAILS  TO  SUFFICIENTLY  PLEAD  EITHER INTENTIONAL ACTS OR DISPARATE TREATMENT AND AS SUCH THE SECOND COUNT  OF THE COMPLAINT ALLEGING EQUAL PROTECTION VIOLATIONS  SHOULD BE DISMISSED

Plaintiff relies on *Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) to argue that its equal protection claims can survive this motion to dismiss based on Plaintiff's membership in "a class of one," then promises that "[o]nce discovery starts … Plaintiff will be able to seek information on the Borough's and the Mayor's actions towards other builders and contractors" (Plaintiff's Brief at 25).

Yet, in *Phillips*, the Third Circuit noted that the complaint did not "contain a specific reference to the [d]efendants' intentional actions, which resulted in a violation of the [plaintiff's] rights under the Equal Protection Clause." Similarly, plaintiff in *Phillips* failed to allege in her complaint facts that supported the contention of disparate treatment. *Id*. at 245. As a result, the court ruled that the complaint was inadequate because, "general accusations and the invocation of the Equal Protection Clause are not enough." *Id.*

Here too, all Plaintiff has supplied is "a formulaic recitation of," (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the bare elements of an equal protection claim and "'naked assertion[s]' devoid of 'further factual enhancement,'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007), *quoting Twombly*, 550 U.S. at 557) that the Supreme Court has deemed inadequate under

7

*Fed. R. Civ. P.* 8(a)(2) that merit dismissal under *Fed. R. Civ. P.* 12(b)(6). Plaintiff has failed to provide specific references to Mayor DiPaola's intentional actions to deny it equal protection. Likewise, Plaintiff admits that is has failed to provide any facts supportive of a claim that other redevelopers have been treated differently by Mayor DiPaola and only promises to supply sufficient facts through discovery. (Plaintiff's Brief at 25).

Plaintiff's promise to find the latter during discovery is belied be the overriding theory of its case. Plaintiff alleges that the Borough has ignored its redevelopment obligations for decades and that this purported conduct is proof of Defendants' bias against redevelopment (Complaint ¶ 25 ("For many years, Emerson made no efforts to fulfill its constitutional duty of providing its fair share of affordable housing in its community.")) Yet, if the Borough failed to engage in redevelopment for decades, there will not be any other redevelopers whom the Defendants have treated differently to demonstrate a denial of Plaintiff's equal protection rights.

Plaintiff's pleadings on its equal protection claim are insufficient to survive the motion to dismiss. The Complaint is inadequate. Mayor DiPaola should not be subjected to discovery on Plaintiff's equal protection claim solely because of Plaintiff's hope that it will find something to support the claim later. The Second Count of the Complaint should be dismissed.

### IV. CLAIMS AGAINST MAYOR DIPAOLA FOR BREACH OF THE REDEVELOPMENT AGREEMENT CONTAINED IN THIRD COUNT (BREACH OF CONTRACT), FOURTH COUNT (BREACH OF COOPERATION COVENANT) AND FIFTH COUNT (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING) SHOULD BE DISMISSED BECAUSE MAYOR DIPAOLA IS NOT ALLEGED TO BE A PARTY TO THE REDEVELOPMENT AGREEMENT

Plaintiff relies on *Norwood Easthill Assocs. v. Norwood Easthill Watch*, 222 N.J. Super. 378 (App. Div. 1988) as the sole support for its allegations that Mayor DiPaola is liable to it on its breach of contract claims. Yet, nothing in that case actually supports Plaintiff's theory.

8

The *Norwood Easthill* court quoted the New Jersey Supreme Court's holding in *Harris v. Perl*, 41 N.J. 455 (1964) that "one who unjustifiably interferes with the contract of another is guilty of a wrong." *Id.* at 461. But breach of a contract (as alleged in the Third Count of the Complaint) or breach of an implied covenant in a contact (as alleged in the Fourth and Fifth Counts) are different than intentional interference with a contact by an outsider to it.

Mayor DiPaola cannot be liable under the former—the claims alleged in the Complaint, and Plaintiff has not pleaded the later. The Third, Fourth and Fifth Counts should be dismissed against Mayor DiPaola as they are inadequately and improperly pleaded.

## <u>CONCLUSION</u>

For the reasons set forth above and in Defendant's original brief, Defendant Danielle DiPaola respectfully submits that the Complaint against her should be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(c) because it fails to state a claim for which relief can be granted.

Specially, Count One does not allege with plausible particularity that Plaintiff has a property interest protected by the Fourteenth Amendment that has been impacted by the conduct of Defendants or that the conduct of Defendants is of the sort that shocks the conscience.

Count Two does not allege with plausible particularity that Plaintiff has been treated differently than other redevelopers or that, even if it has been subject to some disparate treatment that such treatment was not part of the Defendants exercise of a legitimate interest.

Likewise, Counts Three, Four, and Five should be dismissed against Ms. DiPaola simply because she is not a party to the Redevelopment Agreement and cannot be liable for the breaches that are alleged to have occurred.

Lastly, Count Six should be dismissed by because Plaintiff's claims under the NJCRA are analogous to its federal civil rights claims and should be dismissed for the same reasons as set forth for Counts One and Two.

In the alternative, since the Court should dismiss the federal civil rights claims, it should decline to continue to entertain Plaintiff's state law claims, particularly since there is an ongoing action in state court where Plaintiff's actual claims of breach of contract under the Redevelopment Agreement, can be addressed.

<div style="margin-left: 40%;">

s/ Richard Malagiere
Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE, PC
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
(201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com
Attorneys for Defendant, Danielle DiPaola
Dated: September 14, 2020

</div>