# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**BOTTA ANGELI, L.L.C.**
Natalia R. Angeli (017062005)
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
ccb@bottalaw.com
*Attorneys for Defendant,*
*Borough of Emerson & Danielle DiPaola*
*(certain insured claims)*

| | |
|---|---|
| EMERSON REDEVELOPERS URBAN RENEWAL, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> THE BOROUGH OF EMERSON NEW JERSEY, AND DANIELLE DIPAOLA, <br><br> Defendants. | Civil Action No.: 2:20-cv-04728 (MCA-MAH) <br><br><br> Civil Action <br><br><br> **JOINT DISCOVERY PLAN** |

1.      Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**Plaintiff contends that, after receiving all governmental land-use approvals to build a 147 Unit, inclusionary development with 29 Units of low and moderate-income housing, and a Judgment from the Superior Court in *Mount Laurel* litigation compelling Emerson to complete the construction to satisfy its fair-share affordable-housing obligations, the then-newly-elected officials who took control of Emerson's government embarked on a scheme to interfere, impede and ultimately destroy Plaintiff's ability to complete the**

1

**Project. These actions were motivated by animus towards the Project due to the fact that the Project will result in construction of *Mt. Laurel* affordable housing, which will bring racially and economically diverse citizens into Emerson. These actions by the Defendants in seeking to interfere with Plaintiff's contractual rights, impede construction of the Project, and prevent minorities from living in Emerson, were part of an express campaign platform by Mayor DiPaola and the current administration to curry favor with those opposed to satisfying the municipality's constitutional *Mt. Laurel* housing obligations and to opening Emerson to racially and economically diverse citizens of New Jersey.**

**Defendants assert that Plaintiff's claims are baseless and deny the allegations set forth in Plaintiff's Complaint. These Defendants further assert fifty-three affirmative defenses, including but not limited to, immunities for good faith actions by public entities and officials under Federal and State Law.**

2.Have settlement discussions taken place? Yes ___   No **X**

If so, when? _____

(a)What was plaintiff's last demand?
(1)Monetary demand: $_____
(2)Non-monetary demand: _____

(b)What was defendant's last offer?
(1)Monetary offer: $_____
(2)Non-monetary offer: _____

3.**The parties have not** exchanged the information required by Fed.R.Civ.P. 26(a)(1). If not, state the reason therefor. **The parties will require an additional twenty (20) days to exchange said information.**

4.Describe any discovery conducted other than the above disclosures. **None.**

5.Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend. **None anticipated at this time.**

6.The parties proposed the following:

(a)Discovery is need on the following subjects: **Discovery is needed on Liability and Damages.**

2

  (b) Should discovery be conducted in phases? If so, explain. **No.**
  (c) Number of Interrogatories by each party to each other party: **25**
  (d) Number of Depositions to be taken by each party: **10**
  (e) Plaintiff's expert report due on: **Plaintiff's position: September 12, 2022; Defendants' position: March 1, 2023**
  (f) Defendant's expert report due on **Plaintiff's Position: October 17, 2022; Defendants' Position: April 17, 2023.**
  (g) Motion to Amend or to Add Parties to be filed by **May 2, 2022**.
  (h) Dispositive Motions to be served within **60** days of completion of discovery.
  (i) Factual Discovery to be completed by **Plaintiff's Position: August 5, 2022; Defendant's Position: January 31, 2023**
  (j) Expert Discovery to be completed by **Plaintiff's Position: December 12; Defendants' Position: June 1, 2023.**
  (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **Plaintiffs request entry of a discovery confidentiality to be prepared by the parties.**
  (l) A pretrial conference may take place on **a date to be determined by the Court.**
  (m) **Trial by jury** is requested.
  (n) Trial date: **On a date to be determined by the Court.**

7. Do you anticipate any discovery problem(s)? Yes _____ No **X**
  If so, explain.

8. Do you anticipate any special discovery need (i.e. videotape/telephone deposition, problems with out-of-state witnesses or documents, etc.)?

**Plaintiff's Position: A dispute arose in a separate litigation over location of a deposition, and defendants have insisted that the issue be resolved now in this litigation and in this discovery schedule.  Plaintiff's position is that in-person depositions should be conducted at the location noticed by the party noticing the deposition.  Typically, the party taking a deposition hosts the deposition, as it eases the burden of transporting exhibits.  Further, in person depositions are the preferred method under the F.R.C.P., and video or phone depositions should only be used if conditions require such.**

**Defendants' Position**: **Depositions via the Zoom Platform may be conducted as a result of the pandemic. All in-person depositions must comply with CDC guidelines. Any in-person depositions of parties shall take place in their attorneys' offices.**

9.     State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R.201.1 or otherwise), mediation (pursuant to L.Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

**At this time, this case is not appropriate for arbitration, mediation, or other special procedures. However, this may be subject to change upon the completion of discovery and dispositive motions.**

10.    Is this case appropriate for bifurcation? **No.**

11.    We [do **X** do not ____] consent to the trial being conducted by a Magistrate Judge.

| | |
|---|---|
| **SILLS CUMMIS & GROSS, P.C.**<br>Attorneys for Plaintiffs | **LAW OFFICES OF RICHARD MALAGIERE**<br>Attorneys for Defendant,<br>Danielle DiPaola (uninsured claims) |
| By /s/ *David Phillips*_____<br>    David Phillips, Esq. | By */s/ Leonard E. Seaman, Esq.*<br>    Leonard E. Seaman, Esq. |

**BOTTA ANGELI, L.L.C.**
Attorneys for Defendants,

By*/s/ Natalia R. Angeli*
    Natalia R. Angeli, Esq.

Dated: 1/28/22

4