Christopher C. Botta, Esq (#0312561992)
**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
ccb@bottalaw.com
*Attorneys for Defendant,*
*Borough of Emerson*

| | |
|---|---|
| EMERSON REDEVELOPERS URBAN RENEWAL, L.L.C., <br><br>  Plaintiffs, <br><br> vs. <br><br> THE BOROUGH OF EMERSON, NEW JERSEY, AND DANIELLE DIPAOLA, <br><br> Defendants. | Civil Action No.: 2:20-cv-04728 (MCA-MAH) <br><br> Civil Action <br><br> **DEFENDANT, BORUGH OF EMERSON'S, STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

The following facts are a concise recitation of each material fact to which the movant contends that there is no genuine issue, together with a citation to that portion of the motion record demonstrating that such facts are uncontested:

**STATEMENT OF FACTS**

1. Defendant, Borough of Emerson, specially adopts the Statement of Material Facts Not in Dispute set forth with the Notice of Motion for Summary Judgment filed by co-defendant Danielle DiPaolo, and supplements these facts herein below.

1

2.   Plaintiff is the owner of property located in the Borough of Emerson that has been approved for construction of a 147 Unit, four-story mixed-use development (the "Project") that includes 29 low- and moderate-income housing units (See First Amended Complaint, ¶ 1, annexed to the Certification of Christopher C. Botta as Exhibit A).

3.   The Plaintiff and the Borough entered into a Redevelopment Agreement on December 20, 2016 (the "Redevelopment Agreement") in connection with the Project. (See First Amended Complaint, ¶ 1, annexed to the Certification of Christopher C. Botta as Exhibit A).

4.   Plaintiff, in response to the dismissal of its Complaint without prejudice by Judge Madeline Cox Arelo on February 23, 2021, asserted in its First Amended Complaint, in words only with no evidence presented, that the Borough, through its interaction with the Plaintiff, had a racial animus and engaged in actions designed to prevent racial integration of the Borough. (See First Amended Complaint, ¶ 5 & ¶ 12, annexed to the Certification of Christopher C. Botta as Exhibit A).

5.   Nowhere in the First Amended Complaint nor the extensive discovery record is there any factual evidence or overt action/inaction that even remotely connects the legitimate concerns and contractual disputes between the parties to any racial animus on the part of the Borough defendants.

6.   Plaintiff has produced an expert report from Art Bernard, P.P., entitled "Impact of Exclusionary Zoning in Emerson". (See Report, annexed to the Certification of Christopher C. Botta as Exhibit B). This report concludes: "I understand that ERUR asserts that the Borough's current leadership has attempted to block this construction. As discussed above, Emerson's exclusionary zoning has, in my opinion, to a reasonable degree of certainty in the field, had a disproportionate impact on African-American and Hispanic households; and delays in the

2

construction of the 29 low and moderate income units at issue in this matter, will continue the exclusionary status quo." See Bernard Report, page 10.

7. The *only* document reviewed by Mr. Bernard in preparation of his report was the "2017 - 2021 American Community Survey, published by the United Census Department." See Bernard Report, page 2.

8. Mr. Bernard *did not* review any discovery in the litigation, *did not* review testimony or statements of any Borough witness, *did not* review testimony or statements of any of Plaintiff's witnesses, *did not* review voluminous documents produced in discovery, and *did not* review any zoning ordinances or records of the Borough of Emerson before making his declaration that any delay in construction of low and moderate income units would impact African American and Hispanic households disproportionately to other low and moderate income households. See Bernard Report, page 2.

9. Mr. Bernard's report does not reference any specific examples, instances or factual support of racial animus by the Borough or any Borough officials. See Bernard Report.

10. Defendants have produced an expert planning report, prepared by the Preferred Planning Group, dated November 9, 2023, which cites to various and numerous primary sources, and concludes, among other things, that the Borough is making substantial progress in advancing diversity and rental housing opportunity. (See Report entitled "Expert Planning Rebuttal Report Prepared for Defendants", dated November 9, 2023, annexed to the Certification of Christopher C. Botta as Exhibit C).

11. The Defendants' planning expert report further opines and concludes:

> In conclusion, the Bernard Report fails to recognize the substantial number of affordable housing units already built in the community and the fact that the Borough's land use policies comply with the Mt. Laurel doctrine and Fair Housing Act.

3

> Although a fully developed community, the Borough has effectuated a variety of affordable housing, including supportive living arrangements and rental housing, to continue its upward trajectory on diversity in the racial composition of residents and housing types. Therefore, we see no evidence of Plaintiff's assertion of Defendant's goal "to prevent racially diverse minorities from moving into Emerson, which Defendants connect to Mt. Laurel low-income housing".

See Preferred Planning Group Report, page 3.

12. On March 16, 2021, in response to competing Motions to Aid Litigant's Rights by the parties in State Court, New Jersey Superior Court Judge Gregg Padovano, J.S.C. ordered that a "Mt. Laurel Implementation Monitor" be appointed to oversee the issues surrounding the Redevelopment Agreement and the Borough compliance with its Mt. Laurel obligations. (See Judge Padovano's March 16, 2021 Order, annexed to the Certification of Christopher C. Botta as Exhibit D).

13. The entry of the Judge Padovano's Order in State Court is consistent with the Choice of Law provision at Paragraph 14.12 of the Redevelopment Agreement between the parties, which states, "This Agreement shall be governed by and construed by the laws of the State of New Jersey. *Any legal action filed in this matter shall be heard in Superior Court of New Jersey, Bergen County Vicinage."* (See Redevelopment Agreement, dated June 14, 2016, annexed to the Certification of Christopher C. Botta as Exhibit E).

14. Defendant files this Motion for Summary Judgement seeking to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 56 since there are no material facts at issue that would allow a recovery or remedy under Federal law.

**BOTTA ANGELI, L.L.C.**
*Attorneys for Defendant,*
*Borough of Emerson*

By  */s/ Christopher C. Botta*
    Christopher C. Botta [#031561992]

Dated: September 19, 2024