*Prepared by the court*

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE BOROUGH OF EMERSON, NEW JERSEY, FOR A DECLARATORY JUDGMENT, <br><br> Petitioner. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY Docket No.: BER-L-6300-15 <br><br> CIVIL ACTION (Mt. Laurel) <br><br> **ORDER** <br><br> FILED <br> MAR 16 2021 <br> GREGG A. PADOVANO, J.S.C. |

**THIS MATTER** having come before the court upon a motion filed by Sills, Cummis & Gross, P.C., counsel for Emerson Redevelopers Urban Renewal, LLC ("Redeveloper"), an interested party, seeking an order in aid of litigant's rights pursuant to R. 1:10-3; Fair Share Housing Center ("FSHC"), through its counsel, Bassam F. Gergi, Esq., filed a cross-motion also seeking an order to enforce litigant's rights; and opposition having been filed by Giblin & Gannaio, LLC on behalf of plaintiff / petitioner the Borough of Emerson (the "Borough"); and based upon the arguments presented, the reasons set forth on the record and below and for other good cause shown

**IT IS ON THIS 16th DAY OF MARCH 2021**

**ORDERED** that the portion of the motion of Redeveloper and cross-motion of FSHC seeking appointment of a "Mt. Laurel Implementation Monitor" is **GRANTED**. A Mt. Laurel Implementation Monitor shall be appointed by separate order of the court which order shall also provide for the scope of the monitor's duties and powers. All costs and expense associated with the court appointed Mt. Laurel Monitor shall be the sole responsibility of the Borough of Emerson; and it is further

**ORDERED** that all applications for building permits, or for other governmental approvals, sought by Emerson Redevelopers Urban Renewal, LLC from the Borough of Emerson shall be reviewed by the Borough, and/or its agents, on an expedited basis, but in no event shall said applications be reviewed later than 28 days from date of submission; and it is further,

**ORDERED** that the Borough of Emerson shall execute the completed treatment works approval application, as may have been previously submitted, within 28 days of the date of this order; and it is further,

**ORDERED** that pursuant to R. 1:10-3 and in accordance with the terms of the previously approved Settlement Agreement executed between the Borough and FSHC on or about November 17, 2017, Redeveloper's and FSHC's request for reasonable fees and costs associated with the subject motion are **GRANTED**. Redeveloper and FSHC shall each submit a certification of services for reasonableness review by the court within 14 days of the date of this order; and it is further

**ORDERED** that the portion of the subject motion(s) seeking restraints as to the Mayor of the Borough of Emerson, as well as any and all other restraints sought not otherwise addressed herein, are **DENIED, without prejudice**; and it is further

**ORDERED** that the portion of the subject motion(s) requesting to eliminate rental bonus credits, or other alteration / amendment of the previously approved Settlement Agreement dated November 17, 2017 is **DENIED, without prejudice**; and it is further

**ORDERED** that the portion of the subject motion(s) requesting to vacate the Borough's temporary immunity is **DENIED, without prejudice**; and it is further

**ORDERED** that the Borough of Emerson is granted continued temporary immunity from builder's remedies actions or exclusionary zoning actions until and including June 30, 2021; and it is further

**ORDERED** that all other relief sought not otherwise specifically addressed by this order is **DENIED, without prejudice**; and it is further

**ORDERED** that a true copy of this order shall be served on all counsel of record by eCourts.

_____
GREGG A. PADOVANO, J.S.C.

### IN THE MATTER OF THE APPLICATION OF THE BOROUGH OF EMERSON, NEW JERSEY, FOR A DECLARATORY JUDGMENT

### DOCKET NO.: BER-L-6300-15
### RIDER TO THE MARCH 16, 2021 ORDER

This matter having initially come before the court upon a compliant seeking declaratory judgment filed wherein the Borough of Emerson (the "Borough") sought determination of compliance pursuant to procedures set forth in the In Re Adoption of N.J.A.C. 5:96 and 5:97 by the Council on Affordable Housing, ("Mount Laurel IV") 221 N.J. 1 (2015); and the court having previously conducted a "fairness hearing" on June 20, 2018 to review a settlement agreement between the Borough and Fair Share Housing Center ("FSHC") dated November 21, 2017 (the "Settlement Agreement"); and having entered an order dated June 29, 2018 identifying the court's findings in accordance with the holdings in East / West Venture v. Borough of Fort Lee, 286 N.J. Super. 311 (App. Div. 1996) and Morris County Fair Housing Council v. Booton Twp., 197 N.J. Super. 359 (Law Div. 1984) aff'd o.b., 209 N.J. Super. 108 (App. Div. 1986) and granting conditional order of compliance subject to a final hearing; and the subject Settlement Agreement reviewed and approved by the court; and the court having conducted a "compliance hearing" on December 21, 2018 and having set forth its findings and identifying ongoing obligations and final conditions required to be completed in order for the Borough in order to receive final judgment of compliance and repose and immunity from exclusionary zoning lawsuits through July 1, 2025, which conditions are further identified under the court's order dated January 25, 2019; and

Emerson Redevelopers Urban Renewal, LLC ("Redeveloper"), an interested party, having filed a motion seeking an order in aid of litigant's rights. Redeveloper was previously designated as the redeveloper of a "downtown" block of parcel(s) in Emerson known as the "Block 491 Project" which parcels were designated, in part, to satisfy a majority of the Borough's affordable

housing obligation as identified under the Settlement Agreement approved by the court. Redeveloper now seeks the following specific relief in aid of litigant's rights: 1) that all applications for building permits, or for other governmental approvals, sought by Redeveloper from the Borough to be reviewed, and all permits and approvals shall be issued on an expedited basis, but in no event later than ten (10) days from date of submission; 2) compelling the Borough to execute the Treatment Works Approval application previously submitted by Redeveloper; 3) restraining and enjoining the Borough Mayor, Danielle Dipaola (in her capacity as Mayor of the Borough Emerson and as a member of the Borough Planning Board) from participating in any consideration of any zoning or construction applications, consents or approvals sought by Redeveloper from the Borough including, but not limited to, in connection with the issuance of building permits contemplated by the Redevelopment Agreement dated June 27, 2016, and amendments thereto, the Settlement Agreement between the Borough and Fair Share Housing Center dated November 21, 2017, and the January 25, 2019, conditional final judgment of compliance and repose order of the court; 4) amendment of the court's the court's prior order dated January 25, 2019 to eliminate 14 rental bonus credits provided to the Borough; 5) vacating the conditional immunity granted to the Borough under the January 25, 2019 order of the court; prohibiting the Borough from thwarting ongoing construction and development of Redeveloper's project; 6) compelling the Borough to execute previously approved site plan(s) of Redeveloper's project to permit further filing of and issuance of construction permits; 7) declaration that the Borough has violated the court's prior order of January 25, 2019 regarding the conditional final judgment of compliance and repose by failing to comply with the reporting requirements and other conditions, contained in the order; 8) declaring that the Borough breached the conditions identified under the court's prior order dated January 25, 2019 by failing to fully cooperate with Redeveloper

regarding all "Governmental approvals" as required by Paragraph 5.01 and 13.01 of the Settlement Agreement; 9) appointment of a "Mt. Laurel Implementation Monitor" for the Borough; and 10) fees and costs.

Redeveloper argues that the Borough has purposefully delayed or otherwise obstructed the enforcement and/or implementation of the terms of the Settlement Agreement. Redeveloper also argues that the actions of the Borough directly impact the development of its property and the creation of affordable housing units as previously approved by the court, and the Borough itself. Redeveloper specifically argues that the leadership of the Borough's governing body, elected after the execution of the Settlement Agreement, have taken steps through direct action, or purposeful inaction, to eviscerate the terms and obligations identified under the Settlement Agreement and prior orders of the court.

Fair Share Housing Center ("FSHC") filed a cross-motion also seeking an order to enforce litigant's rights and specifically sought the following relief: 1) issuance of an order granting all site specific relief to ensure that all inclusionary development is achieved under Redeveloper's property; 2) appointment of a Mount Laurel Implementation Monitor; 3) ) amendment of the court's the court's prior order dated January 25, 2019 to revoke the 14 rental bonus credits provided to the Borough; 4) revocation of the Borough's temporary immunity; 4) compelling production of the Borough's midpoint realistic opportunity review report; 5) fees and costs.

FSHC also argues that the Borough has failed to comply with its obligations under the subject Settlement Agreement and prior orders of the court. Specifically, FSHC asserts that the Borough has

> stalled and procrastinated for <u>years</u> in meeting its outstanding conditions of compliance, and it has engaged in a transparent attempt to slow down and try to stop the most significant mechanism in its fair share plan – the Block 419 [Project] inclusionary development – from actually being built.
> [FSHC Brief at 17.]

The Borough argues in opposition to both motions that Redeveloper bears some, if not the majority of, fault for delay of development of the Block 491 Project. Specifically, the Borough argues that Redeveloper failed to execute required documents, failed to timely apply for required regional approvals and failed to satisfy other obligations. The Borough denies any undue delay in issuance of permits or appropriate approvals in connection with Redeveloper's parcel. The Borough also argues that FSHC's motion should be denied as the Borough did not purposefully act to obstruct compliance with its obligations under the Settlement Agreement. The Borough further asserts that various factors, such as relocation of pre-existing businesses within the parcel(s) comprising the Block 419 Project delayed compliance. The Borough also argues that Redeveloper itself failed to execute the required developer's agreement to assure proper develop of the Block 419 Project.

The court recognizes that the Borough first filed its complaint in this matter almost six years ago. The New Jersey Supreme Court in <u>S. Burlington Cnty. NAACP v. Mount</u> Laurel, 92 N.J. 158, 199 (1983) held that

> [w]e have learned from experience, however, that unless a strong judicial hand is used, <u>Mount Laurel</u> will not result in housing, but in paper, process, witnesses, trials and appeals. We intend by this decision to strengthen it, clarify it, and make it easier for public officials, including judges, to apply it.

New Jersey Court Rule 1:10-3 provides a device to enable a litigants to enforce his or her rights. Although R. 1:10-3 encompasses the notion of civil contempt, the New Jersey Supreme Court has expressly stated that "we view the process [under R. 1:10-3] as one of <u>relief to litigants</u>." In re Daniels, 118 N.J. 51, 60 (per curiam) (emphasis added) (citing R. 1:10-5, now R. 1:10-3), cert. denied, 498 U.S. 951 (1990). The focus being on the vindication of litigants' rights, relief sought pursuant to R. 1:10-3 does not necessarily require establishing that the violator of an order acted with intention to disobey. The court here recognizes that the New Jersey Rules of Court are to "be construed and applied to secure a just determination." R. 1:1-2. That admonition has particular force when it comes to assisting a litigant in securing vindication of rights. In fact, the Court in <u>Mount Laurel IV</u> clearly stated that

> [t]he focus being on the vindication of litigants' rights, relief sought pursuant to R. 1:10-3 does not necessarily require establishing that the violator of an order acted with intention to disobey. Indeed, courts have recognized that "demonstration of a <u>mens rea</u>, willful disobedience and lack of concern for the order of the court, is necessary for a finding of contempt, but irrelevant in a proceeding designed simply to enforce a judgment on a litigant's behalf." Lusardi v. Curtis Point Prop. Owners Ass'n, 138 N.J. Super. 44, 49 (App. Div. 1975) (emphasis added); see also N.J. Dep't of Health v. Roselle, 34 N.J. 331, 347 (1961) ("The Appellate Division correctly held that upon a litigant's application for enforcement of an injunctive order, relief should not be refused merely because the violation was not willful.").
> 
> . . .
> 
> The Court Rules overall evince an intent toward flexibility when the enforcement of rights is at stake. If a judgment or order directs a party to perform a specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of such defaulting party by some other person appointed by the court, and the act when so done shall have like effect as if done by the defaulting party. See also Roselin v. Roselin, 208 N.J. Super. 612, 618, (App. Div.) (citing R. 4:59-2(a) when noting alternatives available to trial court for enforcing party's rights), certif. denied, 105 N.J. 550 (1986).
> [In re N.J.A.C. 5:96 & 5:97, 221 N.J. at 17.]

The court is concerned by the apparent failure of the timely development of affordable housing in the Borough and is more concerned that the development was directly approved and ordered by the court. The undisputed facts now presented reveal that the Borough has failed to provide evidence of final satisfaction of all conditions identified and referenced under the court's January 25, 2019 order of conditional final judgment of compliance and repose. Over two years have passed since the entry of the court's January 25, 2019 order. The Settlement Agreement executed in this is matter during November 2017 identified Redeveloper's property, the "Block 419 Project," as the parcel within the municipality designated the majority of its third round realistic development potential. The Borough was obligated under the very specific terms of the Settlement Agreement to assist in the development of the Block 419 Project to assure the timely development of affordable housing units and timely compliance with the Borough's Constitutional obligations under the Mount Laurel doctrine.

The court specifically identified several outstanding items under the January 25, 2019 order of conditional final judgment which outstanding items were required to be satisfied within 120 days of the date of the order. The court recognizes that the time for compliance was subsequently extended through September 25, 2019 under an order dated May 13, 2019 and thereafter extended again. However, it the record reveals that the Borough has failed to provide evidence of final compliance and failed to request further extension for timely compliance. Redeveloper and FHSC have provided sufficient information revealing that the Borough has not adequately proceeded with fulfillment of the terms and obligations under the approved Settlement Agreement. However, the information presented does not provide the court with evidence meriting the granting of all relief sought by the movants at this time.

There clearly has been a delay in implementation of the previously approved plan and timeline provided for under the Settlement Agreement and subsequent court orders. What is not clear at this time is whether the Borough's actions, or inactions, are solely responsible for the delay at this stage. Accordingly, the court finds that appointment of a special, independent Mt. Laurel Implementation Monitor is appropriate and warranted to address outstanding issues and to determine and advise the court of the basis for any purported delay in compliance. Therefore, the portion of the pending motion and cross-motion seeking appointment of a Mt. Laurel Implementation Monitor is granted, subject to terms and scope to be further identified under a separate order of the court. Furthermore, in order to assure continued progress in the development of the Block 419 Project, the court also grants movants' request to compel review of all applications for permits in connection with the Block 419 Project to be conducted within 28 days of the submission to the Borough.

As to the movants' request for restraints upon Mayor DiPaolo, the court does not find that the relief requested, that is restraining the actions of the Borough mayor, is justified based upon the record presented at this time. While the court finds that the actions of Mayor DiPaolo identified at this time do not rise to the level of obstruction or purposeful interference, the parties are not prohibited from renewing the request for restraints if appropriate at a later time. Based upon the totality of the information presented, the court also finds that revocation of the Borough's immunity or revocation of the 14 rental credits identified in the motion papers is not appropriate at this time. While the delay in final compliance is disquieting to the court, the court does not find that the Borough's actions, or inaction, when reviewed in the broad scope of all of the facts and circumstances presented, do not rise to the level requiring revocation of temporary immunity or alteration of the terms of the Settlement Agreement as otherwise sought at this time.

Page **9** of **10**

Accordingly, the motion and cross-motion of Redeveloper and FSHC is **GRANTED, in part** and **DENIED, in part**. The court's denial of portions of Redeveloper's motion and FSHC's cross-motion is intended to be <u>without</u> <u>prejudice</u>. Based upon the court's partial granting of the relief sought, the court also finds that awarding movants' requests for fees and costs in connection with the motion and cross-motion is appropriate and warranted under applicable the Rules of Court.