# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON REDEVELOPERS URBAN RENEWAL, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> THE BOROUGH OF EMERSON NEW JERSEY, AND DANIELLE DIPAOLA, <br><br> Defendants. | **Civil Action No.: 2:20-cv-04728 (MCA-MAH)** <br><br><br> CIVIL ACTION |

---

### REPLY BRIEF IN SUPPORT OF DEFENDANT, BOROUGH OF EMERSON'S, MOTION FOR SUMMARY JUDGMENT

---

Christopher C. Botta, Esq (#031561992)
**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
ccb@bottalaw.com
*Attorneys for Defendant,*
*Borough of Emerson*

Of Counsel and On the Brief
 Christopher C. Botta, Esq.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................2

TABLE OF AUTHORITIES ...........................................................................................3

PRELIMINARY STATEMENT......................................................................................4

STATEMENT OF FACTS ..............................................................................................4

LEGAL ARGUMENT

    **Point I**    **PLAINTIFF HAS NOT PRODUCED ANY EVIDENCE THAT "SHOCKS THE CONSCIENCE" AND ITS CLAIM FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS BY THE DEFENDANTS SHOULD BE DISMISSED....................................................... 5**

CONCLUSION...............................................................................................................11

# **TABLE OF AUTHORITIES**

Cases

8600 Landis, LLC v. City of Sea Isle City, No. 17-2234, 2018 WL 6522911, at *2 (D.N.J. Dec. 12, 2018) ................................................................................................................................ 6
Burella v Philadelphia, 501 F.3d 134 (3d Cir. 2007) ................................................................... 8
Chainey v. Street, 523 F.3d 200 (2008). ....................................................................................... 6
Dotzel v. Ashbridge, 306 F. App'x 798 (3d Cir. 2009) ................................................................ 8
Eichenlaub v. Township of Indiana, 385 F.3d 274 (3d Cir. 2004). ........................................... 6, 8
Locust Valley Golf Club, Inc. v. Upper Saucon Twp., 2010 WL 3096158 (3d Cir. 2010).......... 8
MARJAC, LLC v. Trenk, 380 F.App'x 142 (3d Cir. 2010) .......................................................... 7
Thorpe v. Upper Makefield Township, 758 F.App'x 258 (3d Cir. 2018) .................................... 7
Tucker Indus. Liquid Coatings, Inc. v. Borough of E. Berlin, 656 F. App'x 1 (3d Cir. 2016) .... 9
United Artists v. Township of Warrington, 316 F.3d 392 (2003) ................................................ 6
Whittaker v. Cnty. of Lawrence, 437 F. App'x 105 (3d Cir. 2011) ............................................. 6

Rules

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 4, 11

**PRELIMINARY STATEMENT**

Defendant, Borough of Emerson, respectfully submits this Reply Brief in further support of its Motion for Summary Judgment.

**STATEMENT OF FACTS**

Plaintiff's Memorandum of Law in Opposition to the Borough's Motion for Summary Judgement is a lengthy and learned treatise on New Jersey's Fair Housing Act from the 1980's, and somehow attempts to relitigate a 2001 New Jersey State Court case brought by a developer against the Borough of Emerson. However, it misses the mark in connection with the substantive due process claim alleged in the plaintiff's First Amended Complaint, and the Court's warning to the plaintiff that in order to survive, it had to show *evidence* that its actions were *motivated* by racial animus.

In its decision denying in part the defendants' Motion to Dismiss at the outset of this litigation, the Court stated:

> Of course, Plaintiff will ultimately need to produce evidence showing that Defendants' land use decisions were motivated by racial animus, as opposed to a mere reluctance to comply with state law or a general dislike of large residential buildings. At the pleading stage, however, the Court is satisfied that Plaintiff's allegations are sufficient to "nudge[ its] claim[ ] across the line from conceivable to plausible." <u>Bell At. Corp.</u>, 550 U.S. at 547.
>
> See Hon. Madeline Cox Arleo, U.S.D.J., Order dated November 22, 2021, ECF Docket# 36, p. 4, footnote #6.

Despite extensive discovery, plaintiff has been unable to produce <u>any</u> evidence of racial animus by the Borough of Emerson and its appointed and elected officials in connection with the Redevelopment Agreement with the plaintiff. Honest differences of process and legal interpretation, despite what may be portrayed in our hyper-partisan society and media, do not

4

always equate to racism, nor rise to the level of a plausible claim for relief. Simply saying it over and over in a pleading or opposition brief does not make it true. Affordable housing projects are not exempt from the need to ensure that they are properly designed, and in accord with State and Local regulations. The Borough has the absolute right to proceed carefully and methodically at its own pace of review and approval, not the pace dictated or demanded by a multi-million-dollar developer.

The fact that the issues and disputes between the plaintiff and the Borough, as set forth in the First Amended Complaint and in its opposition brief, speak to these regulatory and developmental issues belies the plaintiff's contention that the disputes have a Constitutional component or racial motivation which must be decided in the Federal Court. In fact, this argument actually supports the position that the State Court is well-equipped to address this rather ordinary land use dispute between a multi-million-dollar developer trying to maximize its financial return, and a municipality looking out for the best and legal interests of its citizenry.

### LEGAL ARGUMENT

### POINT I

**PLAINTIFF HAS NOT PRODUCED ANY EVIDENCE THAT "SHOCKS THE CONSCIENCE" AND ITS CLAIM FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS BY THE DEFENDANTS SHOULD BE DISMISSED**

There is no dispute that to maintain a substantive due process claim pursuant to §1983 a plaintiff must establish egregious misconduct that "shocks the conscience" in the sense of violating civilized norms of governance and offending human dignity. The conduct must also be established as "decision-making". Plaintiff in its opposition asserts that the cumulative nature of the Borough and Mayor's actions rise to the level of conscience shocking behavior, without

support other than their bare assertions and attempt to twist policy declarations into some sort of malevolent "coded language". However, just saying something is wrong, and throwing in the obligatory racial and class-warfare buzzwords, does not rise to the level of such behavior that implicates the Constitution.

"Land-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with "improper" motives." United Artists v. Township of Warrington, 316 F.3d 392, 402 (3d Cir. 2003). Only State conduct that "shocks the conscience" violates substantive due process standards. United Artists v. Township of Warrington, 316 F.3d 392, 402 (2003). The "shocks the conscience" standard, generally applicable to substantive due process claims, limits liability to the most egregious conduct and prevents the federal court from becoming a "zoning board of appeals." Id. at 401; see also Eichenlaub v. Township of Indiana, 385 F.3d 274, 286 (3d Cir. 2004) (holding that allegations that township "maligned and muzzled" plaintiffs, applied standards not applied to similar properties, delayed permits and approvals, improperly increased tax assessments, and pursued unannounced and unnecessary enforcement actions in denying zoning requests failed to "shock the conscience").

The threshold requirement of "conscience-shocking" behavior prevents every state law violation from being constitutionalized and preserves Fourteenth Amendment claims for truly egregious conduct. See, e.g., 8600 Landis, LLC v. City of Sea Isle City, No. 17-2234, 2018 WL 6522911, at *2 (D.N.J. Dec. 12, 2018) (citing Whittaker v. Cnty. of Lawrence, 437 F. App'x 105, 109 (3d Cir. 2011)). Without more, allegations of "improper motive, . . . even where the motive is unrelated to the merits of the underlying decision," fail to meet this standard. Chainey v. Street, 523 F.3d 200, 220 (2008). A violation of state law will only shock the conscience when

accompanied by "allegations of corruption, self-dealing, bias against an ethnic group," or similarly outrageous behavior. Whittaker, 437 F. App'x at 108-09.

Plaintiff cites to MARJAC, LLC v. Trenk, 380 F.App'x 142 (3d Cir. 2010) to support its contention that inferences can be drawn from statements and actions of public officials in connection with conscience shocking behavior. However, in MARJAC, there was evidence in the motion record that the Township Attorney made *actual* statements of anti-Italian bias, such as comments that the plaintiffs were connected to the Mafia and were supported by "Mafia money". The Court held that this testimony, if credible and supported at trial, created an evidentiary connection between the Township Attorney's selective enforcement of the zoning laws and his antipathy toward the plaintiffs' Italian heritage, sufficient to create a question of fact as to the substantive due process claims. Interestingly, in MARJAC, the Third Circuit only overturned the grant of Summary Judgment to the Township Attorney, who had uttered the offending anti-Italian remarks. The Court determined that the District Court *properly* granted summary judgment in favor of all other defendants in the action because the plaintiffs offered no evidence of conscience-shocking conduct by those parties. MARJAC, LLC v. Trenk, 380 F. App'x 142, 147-48 (3d Cir. 2010). In the case at bar, there is no evidence of any conscience shocking behavior, nor are there any statements that even could be perceived as motivated by a racial animus.

Further, in Thorpe v. Upper Makefield Township, 758 F.App'x 258 (3d Cir. 2018), also cited positively by plaintiff in its opposition brief, the Court found that conclusory allegations and generalizations alone with no supporting factual allegations would not support a violation of the plaintiff's equal protection rights. ("In the absence of any fact suggesting race or gender discrimination, however, the possibility that systemic disparities might exist is not an adequate

7

ground for sustaining an equal protection claim".) See also <u>Burella v Philadelphia</u>, 501 F.3d 134 (3d Cir. 2007) (noting that, to survive summary judgment on equal protection failure-to-protect claim, plaintiff must provide evidence sufficient to support a finding of discriminatory intent).

Here, there is no evidence that the actions of the Borough were motivated by racial animus, nor is there even any evidence of "coded language" such to shock the conscience. To "shock the conscience," alleged conduct "must involve more than just disagreement about conventional zoning or planning rules and rise to the level of self-dealing, an unconstitutional taking, or interference with otherwise constitutionally protected activity on the property." <u>Dotzel v. Ashbridge</u>, 306 F. App'x 798, 801 (3d Cir. 2009). This standard is not met in this instance, despite plaintiff's colorful and provocative language, and historical recitation of zoning history in Emerson. Plaintiff again invites the Court to infer racial animus by this language, and again, while giving plaintiff all favorable inferences, fails to present any hint of evidence of racially motivated decision-making by the Borough. There is no evidence in the record of any conscience-shocking motive, despite extensive discovery, including the exchange of expert planning reports.

The case of <u>Locust Valley Golf Club, Inc. v. Upper Saucon Twp</u>., 2010 WL 3096158 (3d Cir. 2010) is instructive. There, the Third Circuit Court of Appeals affirmed summary judgment against owners of a golf course who brought a §1983 action against municipal officials who allegedly interfered with their efforts to develop the golf course property. The appellants filed a §1983 civil rights action alleging the township officials violated their substantive due process rights by declining to rezone the property by allegedly manipulating the results of a special study, failing to publish the special study for public comment and denying the developer's proposed amendment to the plan. In support of their claims, the appellants alleged that prior to his election,

8

one of the supervisors twice attempted to purchase the property. When the appellants refused the supervisor's offer the second time, the supervisor allegedly told the appellants, "This golf course will never be developed while I'm around." Despite clear evidence of personal animus and bias on the part of the township supervisors, including what appeared to be a personal conflict of interest, the district court granted summary judgment against the appellants. The Court found although the supervisors' actions were unprofessional, there was no evidence the supervisors were successful in their efforts to manipulate the results of the special study. On appeal, the Third Circuit Court of Appeals affirmed the district court, holding that as a matter of law, the conduct of the township officials was insufficient to "shock the conscience."

In Tucker Indus. Liquid Coatings, Inc. v. Borough of E. Berlin, 656 F. App'x 1, 7 (3d Cir. 2016), the Third Circuit held that the "mere inclusion of the phrase 'personal and political animus' in the Complaint is clearly insufficient" absent additional supporting facts. Here, there are no supporting facts, despite plaintiff's best efforts to dig them up. There are only historically insignificant references, bald face innuendos and baseless inferences. Plaintiff has not been able to find any evidence that racial animus was the Borough's *motivating factor* in connection with the development issues. This is clearly insufficient to raise this State law zoning dispute to a Federal controversy.

Plaintiff relies upon their Planning Expert, Art Bernard, in an effort to show some disparate racial impact of the delay in construction. Yet, the Bernard report is rife with inaccuracies and factual mistakes, and cites no evidence to support the allegations of racial animus by the Brough or its officials. The report offers no insight into the motivation of the defendants. Mr. Bernard cannot and does not cite any statements, policies or actions of the defendants which support the plaintiff's contention that delays in construction were caused by racial animus or racial discrimination. Thus, even accepting Mr. Bernard's conclusions for the

9

purpose of the Motion, there is no question of material fact to be decided by a jury in connection with any racial animus or motivation of the defendants.

Significantly, plaintiff does not dispute the conclusions of the defense planning report, prepared by the Preferred Planning Group, dated November 9, 2023, which cites to various and numerous primary sources with current statistics and projections, and concludes, among other things, that the Borough is making substantial progress in advancing diversity and rental housing opportunity. (See Report entitled "Expert Planning Rebuttal Report Prepared for Defendants," dated November 9, 2023, annexed to the Certification of Christopher C. Botta as Exhibit C). Certainly, actual evidence that racial diversity is increasing in the Borough, that affordable housing units are already built in the community, and that the Borough's land use policies currently comply with the Mt. Laurel doctrine and Fair Housing Act, do not support the plaintiff's theory that the defendants actions are motivated by racial animus. It does not even support the reasonable inference of racism that plaintiff desperately seeks to portray in order to defeat this Motion for Summary Judgment.

Here, as in the Locust Valley and Tucker Indus. cases, plaintiff's substantive due process claim fails as a matter of law, there is no genuine dispute concerning the defendants' intent, and summary judgment should be granted to the defendants.

Further, there has been no evidence presented of any action or inaction of the Borough which would rise to the level of an official policy or custom of the Borough, nor of any direct municipal decisions, which were motivated by racial animus. Plaintiff seeks to tie in its Section 1983 claim with direct action of the Borough and its officials/employees. Yet, there still must be a discriminatory motive, or at least some evidence of it, in order to survive this Motion for Summary Judgment. No matter whether seen as a policy of custom, or a direct action, it is not enough to be just an action. Of course, actions were taken by officials and employees of the

Borough. Of course, these actions impacted the project. However, there must be a discriminatory motivation to rise to the level of an actionable Constitutional violation under *Monell*. If there is none, it remains a State law contractual dispute. Here, despite great efforts, plaintiff has produced neither evidence nor inference that any actions taken by the Borough in connection with the project were motivated by racial animus against any protected class or group.

## CONCLUSION

For all the reasons set forth above, and those set forth in the defendant's moving papers, it is respectfully submitted that the Plaintiff's First Amended Complaint should be dismissed pursuant to F.R.C.P. 56.

Respectfully submitted,

**BOTTA ANGELI, L.LC.**
Attorneys for Defendant,
Borough of Emerson

*/s/ Christopher C. Botta*
_____
Christopher C. Botta

Dated: November 18, 2024

11